## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Xin HE and Lin PAN ) | |
| 145 Tanglewood Road ) | |
| Fairfield, CT  06824 ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.: _____ |
| ) | |
| Michael CHERTOFF, Secretary of ) | |
| Department of Homeland Security; ) | |
| THE DEPARTMENT OF HOMELAND ) | |
| SECURITY; Emilio T. GONZALEZ, ) | |
| Director, U.S. Citizenship and Immigration ) | |
| Services; U.S. CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES; Robert ) | |
| MUELLER III, Director, Federal Bureau ) | |
| of Investigation; THE FEDERAL BUREAU ) | |
| OF INVESTIGATION; Evelyn ) | |
| UPCHURCH, Director, U.S. Citizenship ) | |
| and Immigration Services, Texas Service ) | |
| Center; U.S. CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES, TEXAS ) | |
| SERVICE CENTER; Alberto GONZALES, ) | |
| United States Attorney General; ) | |
| THE DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR WRIT OF MANDAMUS

Xin HE and Lin PAN, by and through their attorneys, seek a writ of mandamus and for their

Complaint allege as follows:

## INTRODUCTION

1. This is a civil action brought by Plaintiffs to compel defendant agencies and officers of

   the United States to adjudicate Xin He's (hereafter "Plaintiff" or "Dr. He") Form I-485

   Application to Register Permanent Residence or Adjust Status (hereafter "Application")

based on an approved I-140 Petition based on a National Interest Waiver. Plaintiff Lin Pan, as Dr. He's wife, is a derivative beneficiary of the application. Plaintiffs' applications have been pending since June 19, 2003. Defendant U.S. Citizenship and Immigration Services has not issued a final decision after four years, purportedly because Defendant Federal Bureau of Investigation has failed to complete its immigration security background checks. Both functions – completion of immigration security background checks and adjudication of the applications – are nondiscretionary ministerial duties owed to Plaintiffs. Having no other adequate remedy to obtain that right, Plaintiffs bring this action to compel Defendants to perform their duties as required by law.

## JURISDICTION AND VENUE

2. Jurisdiction over this mandamus action is grounded on 28 U.S.C. §§ 1331 and 1361. This Court further has jurisdiction over this matter pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1), and Immigration and Nationality Act ("INA") §245(a).

3. Venue is proper in the District of Columbia under 28 U.S.C. § 1391(e), as this is an action against certain officers and agencies of the United States that reside and conduct official business in this district.

## PARTIES

4. Plaintiff Xin He is a native and citizen of the People's Republic of China. Dr. He resides with his wife, Lin Pan, in Fairfield, Connecticut. Dr. He's alien number is A97 164 098.

5. Plaintiff Lin Pan is a native and citizen of the People's Republic of China. Ms. Pan's alien number is A97 164 097.

2

6. Defendant Michael Chertoff is sued in his official capacity as the Secretary of the Department of Homeland Security ("DHS"). In this capacity, Defendant Chertoff is responsible for seeing to it that the duties of the DHS are discharged pursuant to applicable requirements of law.

7. Defendant DHS, an executive department of the United States Government, is responsible for overseeing the adjudication of I-485 Applications to Register Permanent Residence or Adjust Status.

8. Defendant Emilio T. Gonzalez is sued in his official capacity as the Director of U.S. Citizenship and Immigration Services ("USCIS"). In this capacity, Defendant Gonzalez is responsible for seeing to it that the duties of the USCIS are discharged pursuant to applicable requirements of law.

9. Defendant USCIS, a bureau of DHS, is responsible for adjudicating I-485 Applications to Register Permanent Residence or Adjust Status.

10. Director Evelyn Upchurch is sued in her official capacity as the Director of the Texas Service Center ("TSC"). Defendant Upchurch is responsible for seeing to it that the duties of the TSC are discharged pursuant to applicable requirements of law.

11. Defendant TSC is a unit of Defendant USCIS and is responsible for the adjudication of certain I-485 Applications to Register Permanent Residence or Adjust Status, including those submitted by Plaintiffs.

12. Defendant Robert Mueller is sued in his official capacity as the Director of the Federal Bureau of Investigation ("FBI"). In this capacity, Defendant Mueller is responsible for seeing to it that the duties of the FBI are discharged pursuant to applicable requirements of law.

13. Defendant FBI is a bureau of the U.S. Department of Justice and is responsible for processing security background checks in connection with I-485 Applications to Register Permanent Residence or Adjust Status.

14. Defendant Alberto Gonzales is sued in his official capacity as the United States Attorney General. In this capacity, Defendant Gonzales is responsible for seeing to it that the duties of the Department of Justice ("DOJ"), including those of the FBI, are discharged pursuant to applicable requirements of law.

15. Defendant DOJ is an executive department of the United States Government and is responsible for overseeing the FBI in its duty to process security background checks in connection with I-485 Applications to Register Permanent Residence or Adjust Status.

## THE ADJUSTMENT OF STATUS PROCESS

16. Under law, the USCIS has a non-discretionary duty to adjudicate I-485 Applications to Register Permanent Residence or Adjust Status to lawful permanent residence within a reasonable period of time. These applications are the means by which foreign nationals lawfully present in the United States apply for lawful permanent residence.

17. When an I-485 Application to Register Permanent Residence or Adjust Status is filed with the USCIS, the FBI has a duty to conduct a security background check on the applicant. Upon information and belief, such checks (a) are performed to determine if there are criminal or security issues in the applicant's background that affect the applicant's eligibility to become a lawful permanent resident, and (b) must be completed before an I-485 application is adjudicated.

18. Upon information and belief, the overwhelming majority of security background checks are completed within six months after an I-485 application is filed. Dr. He's and Ms. Pan's security background checks have been pending for four years.

## STATEMENT OF FACTS

19. Dr. He is a 35-year old Chinese citizen who was born in Tianjin, the People's Republic of China on June 11, 1972. Dr. He first arrived in the United States in July 1996 in F-1 nonimmigrant student status to pursue a Master's degree in electrical engineering at the University of Notre Dame, and subsequently earned a Ph.D., also from Notre Dame, in the same field in 2001. On May 20, 2002, Dr. He filed an I-140 Immigrant Visa Petition (Receipt No. EAC-02-195-50769), which was subsequently approved (on May 28, 2003) based on a National Interest Waiver. The National Interest Waiver petition was based on the fact that Dr. He's work in the field of intellectual property for U.S. technology companies is an area of substantial intrinsic merit, and that it was national in scope. This means that the U.S. has a national interest in Dr. He's work. Dr. He falls within the employment-based second preference category based on the approved I-140 National Interest Waiver.

20. Ms. Pan is a 30-year old Chinese citizen who was born in Fuzhou, the People's Republic of China, on August 24, 1976. Ms. Pan first arrived in the U.S. in August 1998 in F-1 status to pursue a Master's degree in economics from the University of Notre Dame. She recently passed all the required actuarial exams for an actuarial fellowship and expects to be employed as an Actuary Fellow by a major insurance company.

21. Based on the approved I-140 petition, Dr. He and Ms. Pan, as a derivative beneficiary, properly filed Form I-485 Applications to Register Permanent Residence (Receipt Nos.

EAC-03-202-53020 and EAC-03-202-53170, respectively) with the USCIS Vermont Service Center on June 19, 2003 (collectively, the "Applications"). The Applications were transferred to the TSC on or about March 2, 2007.

22. On July 1, 2004, Dr. He and Ms. Pan had their fingerprints taken at the USCIS Application Support Center in New Rochelle, NY.

23. On July 21, 2007, Dr. He had his fingerprints taken again at the USCIS Application Support Center in New Rochelle, NY. Ms. Pan has not been asked to have her fingerprints taken again.

24. Each fiscal year, there are a certain fixed number of immigrant visas that may be issued by the United States Government. The State Department is charged with monitoring immigrant visa availability and publishes a monthly bulletin that determines whether an immigrant visa is available to a foreign national based on the preference category and country of birth. When the demand for immigrant visas within certain categories sometimes exceeds the availability of immigrant visas, a queue forms and a prospective applicant must wait until the State Department Visa Bulletin indicates that an immigrant visa number has become available before applying for an immigrant visa. If the "priority date" for immigrant visa applications is "current" for a particular category, it means that there is no queue and the prospective applicant can submit an application and later receive an immigrant visa, if adjudged to be qualified.

25. According to the State Department Visa Bulletin, the priority date for immigrant visa applications for Chinese nationals in the employment-based second preference category, which is reserved for members of the professions holding advanced degrees or persons of exceptional ability, was current on June 19, 2003, the date the Applications were filed by

Plaintiffs, and remained current until September 2005. The priority date for Plaintiffs became current again in March 2006.

26. According to official USCIS processing dates issued by the TSC, the TSC is currently adjudicating I-485 Applications to Adjust to Permanent Resident Status that were filed on August 7, 2006.

27. Upon information and belief, the processing time for Plaintiffs' Applications has far exceeded the posted processing time for such applications by the TSC.

28. According to official releases issued by the government, security background checks are generally completed in a matter of weeks.

29. Upon information and belief, there is no legitimate reason for the excessive delay in adjudicating Plaintiffs' Applications.

30. On March 25, 2005, after Plaintiffs' Applications had been pending for almost two years, Plaintiff He contacted Elena Padin of Congressman Christopher Shays' office to request congressional assistance in determining the status of the pending Applications. On April 6, 2005, Ms. Padin reported to Plaintiffs that she was informed their Applications were awaiting FBI security background checks.

31. On July 5, 2005, Ms. Padin advised Plaintiffs that she had submitted another request to the USCIS Vermont Service Center with regard to the status of Plaintiffs' pending Applications and had been was informed that Plaintiffs' security background checks still had not been performed.

32. On February 9, 2006, Dr. He again contacted Ms. Padin at Congressman Shays' office to inquire as to the status of the pending Applications. On March 3, 2006, Ms. Padin

reported that the security background checks had not yet been performed, according to the USCIS Vermont Service Center.

33. On August 9, 2006, Dr. He again contacted Ms. Padin to inquire about the status of the pending Applications with the USCIS Vermont Service Center. On August 17, 2006, Ms. Padin reported that, according to the Vermont Service Center, the I-485 Applications are still awaiting the security background check.

34. On November 16, 2006, Plaintiffs, through counsel, requested that the USCIS Vermont Service Center adjudicate Plaintiffs' pending Applications, and that Plaintiffs were prepared to take appropriate legal action if the responsible officials failed to perform their duties in a timely fashion.

35. On February 22, 2007, Dr. He contacted Laura Cahill in Connecticut Senator Joseph Lieberman's office to request assistance regard the pending Applications. On April 7, 2007, Ms. Cahill reported that, according to the USCIS, the Applications remain unadjudicated because the required security background check had not been performed.

36. On June 5, 2007, Plaintiffs each received letters from the FBI in response to their Freedom of Information-Privacy Act ("FOIPA") requests, for information concerning their security background checks. The FBI stated that "no records responsive to your FOIPA request were located by a search of the automated indices."

37. On July 3, 2007, Plaintiffs received a letter from the TSC in response to a recent status inquiry stating that the processing of the Applications has been delayed due to an outstanding security background check.

38. Upon information and belief, Plaintiffs' security background checks have not been conducted thus far after four years of waiting. This inexplicable delay has caused Plaintiffs great inconvenience and considerable hardship.

39. Plaintiffs meet the statutory requirements to adjust their status to lawful permanent residents.

40. There is no legitimate reason for the delay in adjudicating Plaintiffs' Applications.

41. Plaintiffs were entitled to file their Applications on June 19, 2003 and have the right to have their Applications adjudicated now.

42. The Defendant government agencies and officers named in this Complaint have adequate resources to perform their duties in a reasonable time, including the duties that must be performed in adjudicating I-485 Applications to Register Permanent Residence or Adjust Status, such as those submitted by Plaintiffs.

43. It is in the national and public interest that such security determinations be performed without undue delay in order that risks to national security be timely identified.

44. Plaintiffs have exhausted their administrative remedies.

## CAUSE OF ACTION

UNREASONABLE DELAY AND FAILURE TO PERFORM NONDISCRETIONARY
DUTIES OWED TO PLAINTIFFS – Violation of INA § 245 and APA 5 USC §702
(Against all Defendants)

45. Plaintiffs reallege and incorporate by reference paragraphs 1 through 44 of this Complaint as if fully stated herein.

46. Timely completion of security background checks and adjudication of the Applications are nondiscretionary ministerial duties owed by Defendants to Plaintiffs.

47. Defendants have willfully and unreasonably delayed and have refused to complete security clearances and such other nondiscretionary ministerial duties as are necessary to adjudicate the Plaintiffs' Applications.

48. Plaintiffs have been waiting for four years to have their Applications adjudicated. Under the circumstances, the delay is unreasonable.

49. Plaintiffs have no other adequate remedy to have their Applications adjudicated in accordance with the requirements of law.

50. Defendants have a ministerial, non-discretionary duty to adjudicate Plaintiffs' Applications in a reasonable period of time.

51. Plaintiffs have a clear right under law to an adjudication of their Applications by Defendants.

52. Defendants have no reasonable or legally valid justification for the delay. Inquiries over a period of two years by Congressman Shays' office and Senator Lieberman's office regarding the status of the security background checks for Plaintiffs have had no effect in motivating Defendants to perform the duties owed Plaintiffs responsibly and in a reasonable time.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, and in light of the foregoing, Plaintiffs pray that the Court:

A.    Grant Plaintiffs' request for a Writ of Mandamus against Defendants;

B.    Order Defendants, jointly and severally, to take such steps as may be necessary to complete the security background checks of Plaintiffs and report the results to the TSC no later than 30 days after entry of such order;

C.    Order Defendants, jointly and severally, to adjudicate Plaintiffs' Applications not later than 30 days after the security background check results have been reported to the TSC.

D.    Retain jurisdiction of this action for purposes of enforcing the orders issued by the Court.

E.    Award Plaintiffs attorneys' fees and costs pursuant to 28 U.S.C. § 2412 and any other applicable statutory, common law, or Constitutional provision; and

F.    Grant Plaintiffs any such other relief as this Court deems just and proper at law and in equity.


Respectfully submitted,

Thomas O'Brien (DC Bar # 388696)
Lauren Aucoin (DC Bar # 488945)
(Admission pending)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC  20004
Tel: 202-739-3000
Fax: 202-739-3001
to'brien@morganlewis.com
laucoin@morganlewis.com

Attorneys for Plaintiffs
Xin HE and Lin PAN

11

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Xin HE and Lin PAN | Michael Chertoff, et al. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Washington, DC__ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Thomas O'Brien & Lauren Aucoin Morgan, Lewis & Bockius LLP 1111 Pennsylvania Ave., NW Washington, DC 20004 Tel: 202-739-3000 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ● 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**● C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Violation of INA §245 and APA 5 USC §702 for unreasonable delay and failure to perform nondiscriminatory duties owed to Plaintiffs.

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ **JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐   NO ☒ |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☐   NO ☒ | If yes, please complete related case form. |
|---|---|---|---|

DATE **08.10.07**    SIGNATURE OF ATTORNEY OF RECORD  *Thomas O'Brien*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.